**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; et al., *on behalf of themselves and all similarly situated*,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, *et al.,*<br><br>     *Defendants*. | Case No.     1:26-cv-04641-JAV |

## <u>DECLARATION OF CAROLINE COE</u>

I, Caroline Coe, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     My name is Caroline Coe.

2.     I am over 18 years old, have personal knowledge of the facts set forth in this Declaration, and will testify competently to those facts if called as a witness.

3.     I am a Plaintiff in this action. I am bringing claims on behalf of my child, Carter Coe, as his parent and next friend.

4.     I offer this Declaration in support of Plaintiffs' Motions to Proceed Under a Pseudonym, for a Temporary Restraining Order, and for Class Certification.

5.     I am the parent of a minor child, Carter Coe, who is transgender. We are residents of the Bronx, New York.

6.     Caroline Coe and Carter Coe are pseudonyms.

7.     I am submitting this declaration under pseudonyms for my child and I because I fear that disclosure of our identities would subject me and my family to a substantial risk of harm,

1

including harassment, violence, and retaliation, and would also reveal the identity of my child who is a minor.

8.      As a family, we are aware that transgender people are subject to inordinate and disproportionate amounts of violence, harassment, and discrimination. I am also aware of targeted violence as a direct response to the provision of gender-affirming medical care to minors. Accordingly, I am concerned that making our identities public would endanger our safety and subject my family and I to violence and harassment.

9.      In addition, I am concerned that public identification could expose my family and I to retaliation by the current administration. Based on media reports, I am aware that the current federal administration has targeted those who support transgender care or oppose the administration's priorities.

10.      I have read the proposed class definition in the complaint. I am willing to act on and be named on behalf of Carter Coe as a class representative, and act on behalf of other persons in the class similarly situated to Carter Coe. If appointed, I will look out for the interests of all class members. I am not aware of any conflict I may have with any proposed class members.

11.      Carter received gender-affirming medical care at NYU Langone Hospital within the time range between January 1, 2020 and May 5, 2026. That care included puberty blocking medications to treat gender dysphoria.

12.      When we first established care at NYU, we did so because we expended significant time and energy looking for a medical provider with a specific background that we felt would better understand Carter's specific experience—we felt grateful to find such a provider at NYU Langone. We were relieved that Carter had someone we felt we could trust, and who could understand him and his experiences.

13.    Throughout the process of establishing care at NYU, we disclosed a great deal of confidential medical and personal information, but we felt comfortable doing so because we knew this information was necessary as part of getting Carter the care he needed, and that we could trust that his medical information would be kept confidential.

14.    Although NYU suspended their provision of gender-affirming medical care, we never imagined that Carter's confidential medical information might be released or revealed.

15.    In May, we learned that NYU had received a grand jury subpoena from the U.S. Attorneys' Office in the Northern District of Texas and that Carter's and our identities, as well as Carter's private medical information, was subject to being disclosed.

16.    I do not consent to any such disclosure.

17.    The possibility that my child's private medical information might be released to the Department of Justice is terrifying. Our medical records contain an enormous amount of personal information—names, basic biographical details, medical histories, diagnoses, test results—about Carter and our family.

18.    The efforts by the government to target doctors who provide gender-affirming care and patients seeking it, including this attempt to get at my family's confidential medical information, are extremely concerning to me as Carter's parent.

19.    As a result of this targeting of the care and families like mine who receive it, including actions like the subpoena, I have had difficulty sleeping, and the stress is affecting my ability to do my job. I see that Carter is affected as well.

20.    These actions targeting NYU Langone are also concerning because they punish my family for the choice we made to seek out a specific provider who we felt was appropriate for our child. The disclosure of our records threatens to destroy the atmosphere of trust that we built up

3

with that medical provider, which allowed us to have complex conversations and make difficult decisions as a family with full information.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: May 31, 2026

By: _Caroline Coe_
Caroline Coe

4