# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; et al., *on behalf of themselves and all similarly situated*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE; et al.,<br><br>    *Defendants*. | Case No. 1:26-cv-04641-JAV |

## DECLARATION OF RILEY ROE

I, Riley Roe, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Riley Roe.

2. I am over 18 years old, have personal knowledge of the facts set forth in this Declaration, and will testify competently to those facts if called as a witness.

3. I am a Plaintiff in this action. I am bringing claims on behalf of my child, Reed Roe, as his parent and next friend.

4. I offer this Declaration in support of Plaintiffs' Motions to Proceed Under Pseudonym, for a Temporary Restraining Order, and for Class Certification.

5. I am the parent of a minor child, Reed Roe, who is transgender. I am a resident of Poughkeepsie, New York.

6. Riley Roe and Reed Roe are pseudonyms.

7. I am submitting this declaration under pseudonyms for my child and I because I fear that disclosure of our identities would subject me and my family to a substantial risk of harm,

1

including harassment, violence, and retaliation, as well as reveal the identity of my child who is a minor.

8.      As a family, we are aware that transgender people are subject to inordinate and disproportionate amounts of violence, harassment, and discrimination. I am also aware of targeted violence as a direct response to the provision of gender-affirming medical care to minors. Accordingly, I am concerned that making our identities public would endanger our safety and subject my family and I to violence and harassment.

9.      In addition, I am concerned that public identification could expose my family and me to retaliation by the current administration. Based on media reports, I am aware that the current federal administration has targeted those who support transgender care or oppose the administration's priorities.

10.      I have read the proposed class definition in the complaint. I am willing to act on and be named on behalf of Reed Roe as a class representative, and act on behalf of other persons in the class similarly situated to Reed. If appointed, I will look out for the interests of all class members. I am not aware of any conflict I may have with any proposed class members.

11.      My child received gender-affirming medical care at NYU Langone Hospital within the time range between January 1, 2020, and May 5, 2026. That care included puberty blockers and hormone therapy to treat gender dysphoria.

12.      We first established care at NYU because finding appropriate care for Reed near our home upstate was presenting challenges. We wanted to find a provider that could provide more support and expertise around gender affirming medical care, and specifically hormone therapy. NYU looked like a great option because it had providers who were informed about the care that

2

Reed needed. We were grateful to find a fantastic provider who was compassionate, informative, responsive and caring, and was someone who we could trust with our child's care.

13.    When we started care at NYU, our provider made a full request for all of Reed's pediatric records, and these were all sent to NYU. In the following visits, we shared an enormous amount of information with Reed's NYU provider to support his care. We trusted our provider with personal information because it was necessary for Reed to obtain medical care.

14.    The records we disclosed to NYU contain a great amount of detail about our family. Some of the information we shared is about Reed's history of gender dysphoria, and other information is entirely unrelated. The records that exist on Reed's medical portal include years of medical care notes, test results, communications about gender affirming care options, routine medical records, and lists of all medications that Reed has taken.

15.    After NYU discontinued the transgender health program, the threat of loss of care has been incredibly stressful. Even despite these challenges, we never imagined that NYU would disclose confidential patient records.

16.    In May, I received a standard notice through NYU's MyChart portal that NYU had received a grand jury subpoena from the U.S. Attorney's Office in the Northern District of Texas and that Reed's private medical information was subject to being disclosed.

17.    I do not consent to any such disclosure.

18.    The fact that our information is now vulnerable and may be accessed by the government is extremely concerning, especially since the government has expressed such vitriol and disdain for transgender people.

19.    It is absolutely wrong that the government is seeking my family's private medical information. They are not entitled to my child's name or confidential records. My family has a

right to medical privacy, and the government is not allowed to seek out confidential medical records without any justification.

20.    Given this administration's targeting and intimidation of individuals who provide, receive, and support that care, I am concerned about what the government intends to do with my child's name. I am afraid about what may result from releasing my child's identity to an administration that is hostile to the transgender community. I fear that his name may go on a list of transgender people and that he will be investigated simply for receiving medical care. Reed shares these concerns and I see that the fear of getting dragged into an investigation is taking a considerable toll on his mental health.

21.    I do my best to assure my child that I will prioritize getting him care. However, this administration's attempts to shut down gender-affirming care, including by seeking our information, make it harder for me to reassure my child. This causes me significant distress.

22.    Without judicial intervention, my child's private medical information is at risk of being revealed.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: May 31, 2026

By:    _Riley Roe_
Riley Roe

4