## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; et al., *on behalf of themselves and all similarly situated*, <br><br>         *Plaintiffs*, <br><br>         v. <br><br> U.S. DEPARTMENT OF JUSTICE; et al., <br><br>         *Defendants*. | Case No. 1:26-cv-04641-JAV |

## DECLARATION OF JAY DOE

I, Jay Doe, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      My name is Jay Doe.

2.      I am over 18 years old, have personal knowledge of the facts set forth in this Declaration, and will testify competently to those facts if called as a witness.

3.      I am a Plaintiff in this action.

4.      I offer this Declaration in support of Plaintiffs' Motions to Proceed under Pseudonym, for a Temporary Restraining Order, and for Class Certification.

5.      I am transgender. While I am presently a student at a foreign university, I am a resident of Manhattan, New York.

6.      Jay Doe is a pseudonym.

7.      I am submitting this declaration under a pseudonym because I fear disclosure of my identity would subject me to substantial risk of harm, including harassment, violence, and retaliation.

1

8.	I am aware that transgender people are subject to inordinate and disproportionate amounts of violence, harassment, and discrimination. I am also aware of targeted violence as a direct response to the provision of gender-affirming medical care to minors. Accordingly, I am concerned that making my identity public would endanger my safety and subject my family and I to violence and harassment.

9.	In addition, I am concerned that public identification could expose me to retaliation by the current administration. Based on media reports, I am aware that the current federal administration has targeted those who support transgender care or oppose the administration's priorities

10.	I have read the proposed class definition in the complaint. I am willing to be named as a class representative, and act on behalf of other persons in the class similarly situated to myself. If appointed, I will look out for the interests of all class members. I am not aware of any conflict I may have with any proposed class members.

11.	I received gender-affirming medical care at NYU Langone Hospital within the time range between January 1, 2020 and May 5, 2026. That care included birth control medication for menstrual suppression to treat gender dysphoria.

12.	Over the course of several years, I received general pediatric care from a provider at NYU's gender clinic with the knowledge that I am transgender. When I first started receiving gender-affirming care at NYU, I underwent a slow and deliberate process of consultation with my doctor. I came to trust my provider a great deal and asked them many questions about gender affirming care. Through those conversations, we developed a treatment plan for my gender dysphoria.

13. This process involved extensive discussion of confidential medical information to my provider, all of which was done with the understanding that my information would be kept private. I trusted my provider with all aspects of my health information and to keep that information confidential.

14. The information I disclosed includes sensitive details about my physical health, mental health, and living circumstances. Some of the information has to do with my gender dysphoria, and other information is not related at all. I shared information about my family history, health conditions, and mental health status because I thought it was necessary to obtain medical care.

15. The records that are accessible on my patient portal include information about my past medical history and diagnoses, my family history, risk factors, test results, all the medications I took, and changes in my health and medications over the course of many years. My records refer to my gender dysphoria diagnosis, although many records are completely unrelated.

16. I never questioned whether I needed to be concerned about my medical information being kept in confidence.

17. In May, I received a message from NYU informing me that they had received a grand jury subpoena from the U.S. Attorneys' Office in the Northern District of Texas and that my private medical information was subject to being disclosed. My birth control medication for menstrual suppression was obtained within the time range of the subpoena.

18. I do not consent to any such disclosure.

19. I am extremely concerned about the possibility of this information being made available to the government. My personal medical records are nobody's business unless I tell them.

I do not trust this government with my medical information. It feels so invasive that the federal government is seeking my entire medical record without any justification.

20. The subpoena heightens my fear of being targeted for my gender identity and has limited my travel. I have traveled through Texas in the past for my career development and was considering traveling there for another career opportunity. However, I am terrified that the state issued a subpoena on behalf of the federal government, so I will not travel there for the time being even though it is important for my career plans.

21. The prospect of my records being released to the federal government also heightens my anxiety and makes me feel less safe.

22. The information that the government requested contains my entire medical history, including sensitive mental health assessments from when I was a child, and all of my past medical conditions completely unrelated to gender dysphoria. I have a right to privacy in my medical record and fear disclosure of so much personal and sensitive information.

23. Without judicial intervention, my private medical information is at risk of being revealed.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: May 31, 2026

By: _____
Jay Doe