IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; et al., *on behalf of themselves and all similarly situated*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE; et al., <br><br> *Defendants*. | Case No. 1:26-cv-04641-JAV |

**DECLARATION OF ROBERT HODGSON IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Robert Hodgson, hereby declare and state as follows:

1.    I am Deputy Legal Director at the New York Civil Liberties Union Foundation ("NYCLU") and am one of the attorneys for the Plaintiffs in this action.

2.    I submit this declaration in support of Plaintiffs' Motion for Class Certification.

3.    I make this declaration to describe my qualifications and those of my colleagues to serve as counsel for the Proposed Class in this case. The following facts are based on my own personal knowledge.

4.    The NYCLU is committed to the vigorous, effective, and efficient representation of Plaintiffs and the proposed class (the "Class"). In addition to myself, the team from the NYCLU includes Gabriella Larios and Anya Weinstock.

5.    Based on my co-representation of Plaintiffs in this matter with the American Civil Liberties Union Foundation ("ACLU") and Lambda Legal, it is my belief that the attorneys of the

1

ACLU and Lambda Legal working on this matter are likewise committed to vigorous, effective, and efficient representation in this matter.

6.     The NYCLU and I have dedicated, and will continue to commit, substantial resources to the representation of the Class.

7.     Plaintiffs' counsel have agreed to act jointly as class counsel, if the Court so designates them.

8.     The NYCLU was founded in 1951 as the New York affiliate of the American Civil Liberties Union and, since its founding, has successfully litigated class-action cases in the Southern District of New York and elsewhere in New York, asserting complex constitutional claims against various government entities. *See, e.g.*, *Barco Mercado v. Noem,* 25-cv-06568-LAK (S.D.N.Y.) (class counsel in challenge to conditions at federal ICE holding rooms in New York City); *G.F.F. v. Trump*, 25-cv-2886 (class counsel in challenge to the federal governments use of "Alien Enemies Act" designations to violate the rights of noncitizens in their immigration proceedings); *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601 (S.D.N.Y. 2018) (certifying class of detained immigrant children challenging unnecessarily prolonged detention); *Peoples v. Annucci*, 180 F. Supp. 3d 294 (S.D.N.Y. 2016) (approving class settlement of action challenging solitary confinement in New York State prisons); *Ligon v. City of New York*, 288 F.R.D. 72 (S.D.N.Y. 2013) (certifying class in challenge to an NYPD stop-and-frisk program).

9.     The NYCLU attorneys litigating this matter have significant experience serving as counsel in complex civil rights cases, including serving as lead counsel in class actions, and in litigating on behalf of LGBTQ New Yorkers.

10.     I, Robert Hodgson, am the NYCLU's Deputy Legal Director and have been litigating complex civil rights cases at the NYCLU for thirteen years. I have served as lead counsel

on, for example, *Duchitanga v. Lloyd*, 18-cv-10332, (S.D.N.Y. 2022) (nationwide class of immigrant children held in federal immigration custody seeking expedited reunification with their parents resulting in nationwide settlement); *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601 (S.D.N.Y. 2018) (New York class of detained immigrant children successfully challenging unnecessarily prolonged detention); and *Abdi v. Duke*, 280 F. Supp. 3d 373 (W.D.N.Y. 2017) (class of asylum seekers successfully challenging obstacles to release from ICE custody). I have represented LGBTQ clients challenging discrimination, invasions of privacy, and unlawful treatment across New York. *See, e.g.*, *LeTray v. Watertown*, 718 F.Supp.3d 192 (N.D.N.Y. 2024) (holding transgender plaintiff stated equal protection claims against town and county defendants based on treatment while in jail and police custody); *Holland v. Broome County*, 22-cv-297 (N.D.N.Y. 2022) (challenging denial of health care and discriminatory treatment on behalf of transgender plaintiff in local custody and resulting in county-wide settlement and policy change); *Princess Janae Place v. New York State Office of Temporary and Disability Assistance*, Index No. 153065/2021 (New York County Sup. Ct. 2022) (challenging statewide health care agency policy resulting in privacy invasions and discrimination against transgender and nonbinary plaintiffs based on benefit application records and forms resulting in settlement and statewide policy change). I graduated Harvard Law School in 2012, clerked for the Honorable David O. Carter in the United States District Court for the Central District of California, and was a Skadden Fellow representing LGBTQ young people facing discrimination across New York State.

11.     Gabriella Larios is a staff attorney at the NYCLU, where she has litigated on behalf of class clients for over six years. *See, e.g., M.C. v. Jefferson Cnty., New York*, No. 6:22-CV-190, 2024 WL 3992527, at *1 (N.D.N.Y. Aug. 29, 2024) (class challenge to denial of access to necessary health care in county jail); *Butler v. Suffolk County Jail*, 11-cv-2602 (E.D.N.Y. 2011)

3

(classwide challenge to conditions at Suffolk County jail). She has represented LGBTQ clients challenging discrimination, invasions of privacy, and unlawful treatment across New York. *See, e.g.*, *Holland v. Broome County*, 22-cv-297 (N.D.N.Y. 2022) (challenging denial of health care and discriminatory treatment on behalf of transgender plaintiff in local custody and resulting in county-wide settlement and policy change); *Princess Janae Place v. New York State Office of Temporary and Disability Assistance*, Index No. 153065/2021(New York County Sup. Ct. 2022) (challenging statewide health care agency policy resulting in privacy invasions and discrimination against transgender and nonbinary plaintiffs based on benefit application records and forms resulting in settlement and statewide policy change); *Long Island Roller Rebels v. Nassau County*, 242 A.D.3d 860, 860 (N.Y. App. Div. 2025) (striking down county law barring transgender women from participating in sports at county-run facilities). She graduated from New York University School of Law in 2020 and was an Equal Justice Fellow defending the rights of LGBTQ people and people seeking access to reproductive justice across New York State.

12.    Anya Weinstock is the Richard Feldman LGBTQ Rights Fellow at the New York Civil Liberties Union. She graduated from Stanford Law School in 2024, and she was a legal fellow at the Surveillance Technology Oversight Project from 2024 until January 2026, during which time she appeared as proposed class counsel for the putative class in *Wridt v. City of New York*, 25-cv-08903 (S.D.N.Y. 2025) (challenging the NYPD's use of surveillance technology). At the NYCLU, she has appeared as counsel in *Borecky v. Nassau County*, 26-cv-2049 (E.D.N.Y. 2026), and *ACLU v. United States Office of Refugee Resettlement*, 26-cv-03098 (S.D.N.Y. 2026).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 31, 2026

/s/ Robert Hodgson
Robert Hodgson

4