UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; REED ROE, by and through his parent and next friend, RILEY ROE; NICOLE NOE, by and through her parent, NORMAN NOE; KARL KOE; and JAY DOE, *on behalf of themselves and all similarly situated*,<br><br>          *Plaintiffs*,<br><br>        v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; U.S. DEPARTMENT OF JUSTICE; NYU LANGONE HEALTH SYSTEM; NYU LANGONE HOSPITALS; and NYU GROSSMAN SCHOOL OF MEDICINE, A DIVISION OF NEW YORK UNIVERSITY,<br><br>          *Defendants*. | No. 1:26-cv-04641 (JAV) |

**[PROPOSED] BRIEF FOR STATES OF NEW YORK, MASSACHUSETTS, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, MAINE, MARYLAND, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW MEXICO, OREGON, RHODE ISLAND, VERMONT, VIRGINIA, AND WASHINGTON, AND THE DISTRICT OF COLUMBIA AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................II

INTERESTS OF AMICI STATES .......................................................................................1

ARGUMENT .......................................................................................................................3

    THE DEPARTMENT OF JUSTICE SEEKS TO INTERFERE WITH AMICI STATES' AUTHORITY
    TO REGULATE THE PRACTICE OF MEDICINE. .................................................................3

CONCLUSION ..................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barsky v. Bd. of Regents*,
   347 U.S. 442 (1954)..................................................................................................4

*Berman v. Parker*,
   348 U.S. 26 (1954)....................................................................................................3

*Buckman v. Plaintiffs' Legal Comm.*,
   531 U.S. 341 (2001)..................................................................................................4

*Dent v. West Virginia*,
   129 U.S. 114 (1889)..................................................................................................3

*Gonzales v. Carhart*,
   550 U.S. 124 (2007)..................................................................................................4

*Gonzales v. Oregon*,
   546 U.S. 243 (2006)..................................................................................................3

*Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*,
   471 U.S. 707 (1985)................................................................................................3-4

*In re Boston Children's Hospital Subpoena*,
   2025 WL 2607784 (D. Mass. Sep. 9, 2025) ............................................................9

*Linder v. United States*,
   268 U.S. 5 (1925)......................................................................................................3

*Massachusetts v. Trump*,
   2026 WL 1584837 (D. Mass. June 3, 2026) ............................................................9

*Medtronic, Inc. v. Lohr*,
   518 U.S. 470 (1996)..................................................................................................3

*Metro. Life Ins. Co. v. Massachusetts*,
   471 U.S. 724 (1985)..................................................................................................3

*Slaughterhouse Cases*, 83 U.S. 36, 62 (1873) ...............................................................3

*Watson v. Maryland*,
    218 U.S. 173 (1910)...................................................................................................4

**State Laws & Regulations**

*California*

Cal. Bus. & Prof. Code
    § 850.1...........................................................................................................................8
    § 852..............................................................................................................................8

Cal. Civ. Code
    § 51(b)...........................................................................................................................5
    § 51(e)(6) .....................................................................................................................5
    § 56.109.........................................................................................................................6

Cal. Code Regs.
    tit. 10, § 2561.2(a)........................................................................................................6

Cal. Gov't Code
    § 12940(a) .....................................................................................................................5
    § 12955...........................................................................................................................5

Cal. Ins. Code
    § 10133.13.....................................................................................................................8

*Colorado*

Code Colo. Regs.
    §702-4, Reg. 4-2-42, § 5(A)(1)(o) ..............................................................................6

Colo. Rev. Stat.
    § 10-4-109.6(1) .............................................................................................................8
    § 10-16-121(1)(f) ..........................................................................................................6
    § 12-30-121....................................................................................................................8
    § 13-21-133....................................................................................................................6
    § 16-3-102......................................................................................................................6
    § 16-3-301......................................................................................................................6

*Connecticut*

Conn. Gen. Stat.
§ 10-15c ...................................................................................................................5
§ 19a-17e..............................................................................................................6, 8
§ 20-579a ...............................................................................................................8
§ 46a-58 *et seq*. ......................................................................................................5
§ 52-146w ...............................................................................................................6
§ 52-571m ...........................................................................................................6, 8
§ 735 60/23 ............................................................................................................6

*Delaware*

Del. Code
tit. 6, ch. 45 & 46 ..................................................................................................5
tit. 18, § 2304 ........................................................................................................6
tit. 19, ch. 7 ...........................................................................................................5

*Illinois*

Ill. Admin. Code
tit. 50, § 2603.35 ....................................................................................................6
tit. 89, § 140.413(a)(16) ..........................................................................................6
tit. 89, § 140.440(h)................................................................................................6

215 Ill. Comp. Stat.
5/356z.60(b)...........................................................................................................6

225 Ill. Comp. Stat
60/22(C) .................................................................................................................8
60/23(A)(3) ............................................................................................................8

735 Ill. Comp. Stat.
40/28-5 *et seq*.........................................................................................................6

775 Ill. Comp. Stat.
5/1-102(A) ..............................................................................................................5
5/1-103(O-1) ..........................................................................................................5
5/1-103(Q)..............................................................................................................5

*Massachusetts*

Mass. Gen. Laws
    ch. 12, § 11I½(b)-(d) ............................................................................6
    ch. 112, §§ 5F½, 77, 128 ....................................................................8
    ch. 147, § 63 ......................................................................................6
    ch. 151B, § 4 .....................................................................................5
    ch. 272, § 92A ...............................................................................5, 6
    ch. 272, § 98 ......................................................................................5
    ch. 272, § 98 ......................................................................................6
    ch. 276, § 13 ......................................................................................6

*Maryland*

Md. Code Ann., Educ.
    § 26-704 ............................................................................................5

Md. Code Ann., Health-Gen.
    § 15-151 ............................................................................................6

Md. Code Ann., Health Occ.
    § 1-227 ..............................................................................................8

Md. Code Ann., Ins.
    § 15-1A-22 ........................................................................................6

Md. Code Ann., State Gov't
    § 20-606 ............................................................................................5
    § 20-705 ............................................................................................5

Md. Code Ann., State Pers. & Pens.
    § 2-312 ..............................................................................................6

*Maine*

Me. Rev. Stat.
    tit. 5, § 4551 *et seq.*. .......................................................................5
    tit. 14, § 9001 *et seq.* ......................................................................6
    tit. 22, § 1508 ...................................................................................6
    tit. 22, § 3174-MMM ........................................................................6

*Michigan*

Mich. Comp. Laws
    § 37.2202(1)(a) .................................................................................5

2023 Minn. Laws
  ch. 29 ...................................................................................................6

*Minnesota*

Minn. Stat.
  § 62Q.585 .............................................................................................6
  § 256B.0625, subd. 3a ..........................................................................6
  § 260.925 ..............................................................................................6
  § 363A.03, subd. 50 .............................................................................5
  § 363A.01 *et seq.* .................................................................................5

*New Jersey*

N.J. Stat. Ann.
  § 10:5-1 *et seq.* ...................................................................................5
  § 17:48-6oo ...........................................................................................5
  § 18A:36-41 ..........................................................................................5
  § 17:48-6oo ...........................................................................................6

N.J.A.C. Executive Order No. 326 (2023) ..............................................6

*New York*

N.Y. Civ. Rights Law
  § 40-c ....................................................................................................5

N.Y. Comp. Codes R. & Regs.
  tit. 9, § 466.13 ......................................................................................5
  tit. 10, § 405.7(c)(2) .............................................................................6
  tit. 11, § 52.72 ......................................................................................7
  tit. 11, § 52.75 ......................................................................................6
  tit. 11, § 505.2(l) ..................................................................................6

N.Y. Const. Art. 1 § 11 ...........................................................................5

N.Y. C.P.L.R.
  § 3102 ...................................................................................................6
  § 3119 ...................................................................................................6
  § 4550 ...................................................................................................6
  § 4504 ...................................................................................................7

N.Y. Educ. Law
  § 6530(23)................................................................................7
  § 6531-b..................................................................................8

N.Y. Exec. Law
  § 296-a...................................................................................5
  § 296-b...................................................................................5
  § 837-x...................................................................................6

N.Y. Fam. Ct.
  § 659......................................................................................6

N.Y. Gen. Bus. Law
  § 899-aa.................................................................................7

N.Y. Ins. Law
  § 2607....................................................................................7
  § 3243....................................................................................7
  § 3436-a.................................................................................8
  § 4300....................................................................................7

N.Y. Mental Hyg. Law
  § 33.13...................................................................................7

N.Y. Pub. Health Law
  § 18.......................................................................................7
  § 2782....................................................................................7
  § 4410....................................................................................7

*Nevada*

Nev. Rev. Stat.
  § 118.100...............................................................................5
  § 284.150(3) ..........................................................................5
  § 439.994...............................................................................5
  § 449.101(1) ..........................................................................5
  § 613.330...............................................................................5

*Oregon*

Or. Rev. Stat.
  § 15.430.................................................................................6
  § 24.500.................................................................................6
  § 414.769...............................................................................6

§ 435.210...................................................................................................................6
§ 435.240...................................................................................................................6
§ 659A.006................................................................................................................5
§ 659A.030................................................................................................................5
§ 659A.403................................................................................................................5
§ 659A.421................................................................................................................5
§ 675.070...................................................................................................................8
§ 675.540...................................................................................................................8
§ 675.745...................................................................................................................8
§ 676.313...................................................................................................................8
§ 677.190...................................................................................................................8
§ 678.138...................................................................................................................8
§ 685.110...................................................................................................................8
§ 689.405...................................................................................................................8
§ 676.313...................................................................................................................8

Or. Admin. R. 836-053-0441 .....................................................................................6

*Rhode Island*

R.I. Gen. Laws
§ 5-37.8-1...................................................................................................................8
§ 11-24-2...................................................................................................................5
§ 28-5-5.....................................................................................................................5
§ 28-5.1-12................................................................................................................5
§ 28-6-18...................................................................................................................5
§ 34-37-2...................................................................................................................5
§ 34-37-4...................................................................................................................5
§ 34-37-4.3................................................................................................................5
§ 34-37-5.2................................................................................................................5
§ 34-37-5.3 ...............................................................................................................5
§ 34-37-5.4................................................................................................................5

*Vermont*

Vt. Stat. Ann.
tit. 8, § 4071 .........................................................................................................6, 7
tit. 8, § 4724 ............................................................................................................7
tit. 9, § 4502 ............................................................................................................5
tit. 9, § 4503 ............................................................................................................5
tit. 12, § 7301 *et seq.*.............................................................................................6
tit. 21, § 495 ............................................................................................................5

*Washington*

Wash. Rev. Code
§ 7.115 *et seq.* ...................................................................................................6
§ 49.60.030(1) ....................................................................................................5
§ 49.60.040(2) ....................................................................................................5
§ 49.60.040(29) ..................................................................................................5
§ 49.60.215............................................................................................................5

*District of Columbia*

D.C. Code
§ 2-1401.01 *et seq.* ..........................................................................................5

**Miscellaneous Authorities**

Federation of State Medical Boards, *Contact a State Medical Board*,
https://www.fsmb.org/contact-a-state-medical-board (last visited June 4, 2026) .....................4

MassHealth, *Gender-Affirming Care Covered by MassHealth*, https://perma.cc/YC87-
7ZPH (last visited June 4, 2026).................................................................................6

Mass. Div. of Ins., *Bull. No. 2014-03: Guidance Regarding Prohibited Discrimination on
the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary
Transgender Surgery and Related Health Care Services* (June 20, 2014),
https://www.mass.gov/lists/doi-bulletins.................................................................7

Mass. Div. of Ins., *Bull. No. 2021-11: Prohibited Discrimination on the Basis of Gender
Identity or Gender Dysphoria Including Medically Necessary Gender Affirming Care
and Related Services* (Sept. 9, 2021), https://www.mass.gov/lists/doi-bulletins ....................7

Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 19-06: Compliance
with Federal Nondiscrimination Provisions* (Mar. 1, 2019), https://perma.cc/38YL-
FWUQ........................................................................................................................6

Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 21-28: Coverage of
Gender Affirmation Services* (Sept. 30, 2021), https://perma.cc/96GE-9GFZ .........................6

Nev. Medicaid Servs. Manual § 608 (May 27, 2026), https://perma.cc/B634-8HLU.....................6

NYDFS, *Ins. Circular Letter No. 8, Discrimination Based on Sexual Orientation, Gender Identity or Expression, or Transgender Status* (July 23, 2019), https://perma.cc/X37G-62RH ......................................................................................7

Patricia J. Zettler, *Toward Coherent Federal Oversight of Medicine*, 52 San Diego L. Rev. 427, 448 (2015) ..................................................................................... 4-5

Press Release, NYDFS, *NYS Office of Mental Health and Department of Financial Services Announce NY Insurance Carriers Complying with State Requirements to Provide Coverage for All Gender-Affirming Treatments* (June 29, 2021), https://perma.cc/L6Z3-27CN ....................................................................................8

R.I. Gender Dysphoria/Gender Nonconformity Coverage Guidelines (Oct. 28, 2015), https://perma.cc/E9DH-KYV4; ...............................................................................6

R.I. Off. Health Ins. Comm'r, *Health Ins. Bull. No. 2015-3: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Expression* (Nov. 23, 2015), https://perma.cc/MB57-YNBZ; ................................................................6

UCLA Sch. of Law Williams Inst., *Shield Laws for Reproductive and Gender-Affirming Health Care: A State Law Guide* (Aug. 2024), https://perma.cc/Y2W5-EPD2. ......................6

**INTERESTS OF AMICI STATES**

In the summer of 2025, the Department of Justice ("DOJ") served numerous civil administrative subpoenas across the country on medical providers of transgender healthcare for minors. Courts have repeatedly quashed these subpoenas, finding they were part of a systematic campaign against transgender healthcare, served no legitimate investigatory purpose, were overly broad, harassing, and intrusive, jeopardized the health and welfare of State residents, and threatened to undermine the States' sovereign interest in regulating the practice of medicine in their jurisdictions. DOJ now attempts to seek the same information through a federal grand jury subpoena from the U.S. Attorney's Office for the Northern District of Texas served on New York University (NYU) Langone Hospitals. The subpoena at issue here, which seeks identifying and sensitive personal healthcare information, suffers from the same defects as the civil administrative subpoenas that courts have repeatedly rejected. Accordingly, the States of New York, Massachusetts, Arizona, California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Rhode Island, Vermont, Virginia, and Washington, and the District of Columbia submit this brief in support of plaintiffs' motion for a temporary restraining order barring DOJ from enforcing the subpoena and NYU Langone Hospitals from complying with the subpoena.

The subpoena at issue here seeks to intimidate medical providers out of offering critical, medically necessary healthcare to transgender youth, one of the most vulnerable populations in New York and other amici States. Indeed, the subpoena places medical providers and hospital administrators in the crosshairs of criminal enforcement mechanisms merely for providing this care. If NYU Langone Hospitals were forced to comply with this subpoena, it would threaten the

health and welfare of the people of New York and other amici States, impede core economic activities of amici States, and encroach on amici States' traditional role as the regulators of medicine, both within and outside of the context of transgender medicine.

Amici States are home to hospitals, like NYU Langone Hospitals, that provide essential and life-saving care to thousands of people every year, including transgender healthcare. These hospitals are at the forefront of biomedical and technological research, and they fuel the economies of amici States, including by creating jobs, spurring innovation, improving residents' health, and training the future workforce. Amici States have strong interests in regulating the practice of medicine in their jurisdictions, including by licensing doctors and other medical professionals; implementing standards of care for a wide variety of medical procedures and treatments; and enforcing those standards and other related regulations. In this realm, many amici States have enacted laws safeguarding access to transgender healthcare services and protecting people who lawfully provide or help others access such care. In many amici States' experience, these laws are necessary to uphold the rights and dignity of our transgender residents and the health and well-being of our communities.

The Court should grant plaintiffs' motion for a temporary restraining order barring enforcement of and compliance with the federal grand jury subpoena directed at NYU Langone Hospitals.

## ARGUMENT

### THE DEPARTMENT OF JUSTICE SEEKS TO INTERFERE WITH AMICI STATES' AUTHORITY TO REGULATE THE PRACTICE OF MEDICINE.

As sovereigns of their respective territories, States reserve the power to provide for the health, welfare, safety, and security of the people. *See Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 756 (1985); *see also Linder v. United States*, 268 U.S. 5, 18 (1925); *Berman v. Parker*, 348 U.S. 26, 32 (1954); *Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 719 (1985). DOJ's campaign against transgender healthcare—including the subpoena at issue in this case—seeks to upend this fundamental principle.

The Tenth Amendment reserves for the States all rights and powers "not delegated to the United States" federal government. U.S. Const. amend. X. Commonly referred to as "traditional state police powers," the rights and powers of the States include the "power to protect the health and safety of their citizens." U.S. Const. amend. X; *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 475 (1996); *see also Slaughterhouse Cases*, 83 U.S. 36, 62 (1873) (describing the police power as extending "to the protection of the lives, limbs, health, comfort, and quiet of all persons . . . within the State"). Since at least 1889, the authority to regulate the practice of medicine has been recognized as among these powers. *Dent v. West Virginia*, 129 U.S. 114, 122 (1889) (states have discretion to set medical licensing requirements as they have done since "time immemorial"). Though Congress may legislate to regulate interstate activities, the Executive may not adopt novel interpretations of statutes in order to disrupt a State's medical regulatory framework by inventing novel forms of criminal activity. *See Gonzales v. Oregon*, 546 U.S. 243, 269-70 (2006) (holding that Controlled Substances Act did not prohibit Oregon doctors from prescribing medication for

the purpose of medical aid in dying, where such care had been enacted through ballot measure). Courts have upheld a broad set of "state medical practice laws against constitutional challenges, making clear that states are generally authorized to legislate in the medical practice area."[1]

States have exercised their power to regulate medicine in various ways. Perhaps most significantly, States regulate the practice of medicine by defining the scope and contours of medical practice and requiring medical licenses for practitioners.[2] Since 1895, all States have boards that oversee the licensing of medical professionals.[3] Fundamental and consistent requirements for obtaining a medical license across states include graduation from an accredited medical school, completing one or more years of residency or fellowship, and passing a licensing examination.[4] Additional requirements may include interviews, a documented lack of criminal

---

[1] Patricia J. Zettler, *Toward Coherent Federal Oversight of Medicine*, 52 San Diego L. Rev. 427, 448 (2015); s*ee also Hillsborough Cnty.*, 471 U.S. at 719 (stating "the regulation of health and safety matters is primarily, and historically, a matter of local concern"); *Watson v. Maryland*, 218 U.S. 173, 176 (1910) ("the police power of the states extends to the regulation of certain trades and callings, particularly those which closely concern the public health" and discussing licensing of medical practitioners); *Gonzales v. Carhart*, 550 U.S. 124, 157 (2007) ("Under our precedents it is clear the State has a significant role to play in regulating the medical profession."); *Barsky v. Bd. of Regents*, 347 U.S. 442, 451 (1954) (indicating that the state has "legitimate concern for maintaining high standards of professional conduct" in the practice of medicine); *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001) (identifying "historic primacy of state regulation of matters of health and safety").

[2] Zettler, *supra* note 1, at 449-50 (citing Robert I. Field, *Health Care Regulation in America: Complexity, Confrontation, and Compromise* (2007) 19 (stating that the "cornerstone" of medical practice regulation is states' licensing schemes).

[3] Zettler, *supra* note 1, at 450 (citing Robert C. Derbyshire, *Medical Licensure and Discipline in the United States* 8 (1969)); *see also* Federation of State Medical Boards, *Contact a State Medical Board*, https://www.fsmb.org/contact-a-state-medical-board (last visited June 4, 2026).

[4] Zettler, *supra* note 1, at 450 (citing Nadia N. Sawicki, *Character, Competence and the Principles of Medical Discipline*, 13 J. Health Care L. & Pol'y 285, 290 (2010)).

history, and medical malpractice insurance coverage.[5] States, through their legislatures and regulatory boards, also regulate medical practice by disciplining licensees who act illegally or unethically or who violate standards of care and by "enact[ing] laws and regulations that directly circumscribe how licensed practitioners conduct medical practice," such as reporting, disclosure, and timeframe rules.[6]

States have also exercised their police powers to protect vulnerable groups against discrimination and ensure equal access to critical healthcare. Consistent with state policy judgments about protecting minority populations and prohibiting discrimination, New York and many other amici States have enacted civil rights protections for transgender people in education, employment, healthcare, housing, public accommodations, and other parts of public life.[7] They have also taken steps to safeguard access to transgender healthcare, exercising their sovereign judgment that such safeguards promote public health and wellbeing. For instance, New York and many other amici States expressly recognize a legal right to transgender healthcare and have

---

[5] *Id.*

[6] *Id.* at 450-52.

[7] *See, e.g.*, N.Y. Const. Art. 1 § 11; N.Y. Exec. Law §§ 296-a, 296-b; N.Y. Civ. Rights Law § 40-c; N.Y. Comp. Codes R. & Regs. tit. 9, § 466.13; Mass. Gen. Laws ch. 151B, § 4; Mass. Gen. Laws ch. 272, §§ 92A, 98; Cal. Civ. Code §§ 51(b), 51(e)(6); Cal. Gov't Code §§ 12940(a), 12955; Md. Code Ann., Educ. § 26-704; Conn. Gen. Stat. §§ 10-15c, 46a-58 *et seq.*; Del. Code tit. 6, ch. 45 & 46; Del. Code tit. 19, ch. 7; D.C. Code § 2-1401.01 *et seq.*; 775 Ill. Comp. Stat. 5/1-102(A), 5/1-103(O-1), 5/1-103(Q); Me. Rev. Stat. tit. 5, § 4551 *et seq.*; Md. Code Ann., State Gov't §§ 20-606, 20-705; Mich. Comp. Laws § 37.2202(1)(a); Minn. Stat. §§ 363A.03, subd. 50, 363A.01 *et seq.*; Nev. Rev. Stat. §§ 118.100, 284.150(3), 439.994, 449.101(1), 613.330; N.J. Stat. Ann. §§ 10:5-1 *et seq.*, 17:48-6oo, 18A:36-41; Or. Rev. Stat. §§ 659A.006, 659A.030, 659A.403, 659A.421; R.I. Gen. Laws §§ 11-24-2, 28-5-5, 28-5.1-12, 28-6-18, 34-37-2, 34-37-4, 34-37-4.3, 34-37-5.2, 34-37-5.3, 34-37-5.4; Vt. Stat. Ann. tit. 9, §§ 4502, 4503; Vt. Stat. Ann. tit. 21, § 495; Wash. Rev. Code §§ 49.60.030(1), 49.60.040(2), 49.60.040(29), 49.60.215.

enacted laws intended to protect people in their States who access, provide, or assist with the provision of that care from civil or criminal penalties by out-of-state jurisdictions that outlaw it.[8] Many amici States, including New York, also cover transgender healthcare through their State Medicaid programs,[9] and they prohibit State-regulated health insurance plans from withholding coverage from individuals based on their gender identity or gender dysphoria, thereby ensuring that transgender residents enjoy the same coverage for medically necessary treatment as residents who are not transgender.[10] These protective measures include efforts to preserve confidentiality of

---

[8] *See, e.g.*, N.Y. Exec. Law § 837-x; N.Y. C.P.L.R. §§ 3119, 3102, 4550; N.Y. Fam. Ct. Act § 659, N.Y. Civ. Rights Law § 70-b; N.Y. Comp. Codes R. & Regs. tit. 10, § 405.7(c)(2); Mass. Gen. Laws ch. 12, § 11I½(b)-(d); Mass. Gen. Laws ch. 147, § 63; Mass. Gen. Laws ch. 276, § 13; Cal. Civ. Code § 56.109; Colo. Rev. Stat. §§ 10-16-121(1)(f), 13-21-133, 16-3-102, 16-3-301; Conn. Gen. Stat. §§ 19a-17e, 52-146w, 52-571m; 735 Ill. Comp. Stat. 40/28-5 *et seq.*; Me. Rev. Stat. tit. 14, § 9001 *et seq.*; Me. Rev. Stat. tit. 22, §§ 1508; Md. Code Ann., State Pers. & Pens. § 2-312; 2023 Minn. Laws ch. 29; Minn. Stat. § 260.925; Or. Rev. Stat. §§ 15.430, 24.500, 414.769, 435.210, 435.240; Vt. Stat. Ann. tit. 12, § 7301 *et seq.*; Wash. Rev. Code § 7.115 *et seq.*; N.J.A.C. Executive Order No. 326 (2023); *see also* UCLA Sch. of Law Williams Inst., *Shield Laws for Reproductive and Gender-Affirming Health Care: A State Law Guide* (Aug. 2024), https://perma.cc/Y2W5-EPD2.

[9] *See, e.g.,* N.Y. Comp. Codes R. & Regs. tit. 18, § 505.2(l); MassHealth, *Gender-Affirming Care Covered by MassHealth*, https://perma.cc/YC87-7ZPH (last visited June 4, 2026); Md. Code Ann., Health-Gen. § 15-151; Ill. Admin. Code tit. 89, §§ 140.413(a)(16), 140.440(h); Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 19-06: Compliance with Federal Nondiscrimination Provisions* (Mar. 1, 2019), https://perma.cc/38YL-FWUQ; Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 21-28: Coverage of Gender Affirmation Services* (Sept. 30, 2021), https://perma.cc/96GE-9GFZ; Minn. Stat. § 256B.0625, subd. 3a; Nev. Medicaid Servs. Manual § 608 (May 27, 2026), https://perma.cc/B634-8HLU; R.I. Gender Dysphoria/Gender Nonconformity Coverage Guidelines (Oct. 28, 2015), https://perma.cc/E9DH-KYV4; Vt. Stat. Ann. tit. 8, § 4071.

[10] *See, e.g.*, N.Y. Comp. Codes R. & Regs. tit. 11, § 52.75; Mass. Gen. Laws ch. 272, §§ 92A, 98; Cal. Code Regs. tit. 10, § 2561.2(a); Code Colo. Regs. §702-4, Reg. 4-2-42, § 5(A)(1)(o); Del. Code tit. 18, §2304; 215 Ill. Comp. Stat. 5/356z.60(b); Ill. Admin. Code tit. 50, § 2603.35;

(*continued on the next page*)

6

patient records.[11] In New York, for instance, state law governing the physician-patient relationship prohibits healthcare providers from disclosing patient information without patient consent.[12]

New York's laws and regulations also specifically ensure that transgender patients are not denied or limited coverage for care that is ordinarily available.[13] In 2019, the New York State Department of Financial Services (NYSDFS) confirmed that "New York state law prohibits discrimination based on sexual orientation, gender identity or expression, or transgender status."[14] And in 2021, NYSDFS announced that insurance carriers in New York, including some that

---

Me. Rev. Stat. tit. 22, § 3174-MMM; Md. Code Ann., Ins. § 15-1A-22; Minn. Stat. § 62Q.585; N.J. Stat. Ann. § 17:48-6oo; Or. Admin. R. 836-053-0441; R.I. Off. Health Ins. Comm'r, *Health Ins. Bull. No. 2015-3: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Expression* (Nov. 23, 2015), https://perma.cc/MB57-YNBZ; Vt. Stat. Ann. tit. 8, §§ 4071, 4724; Mass. Div. of Ins., *Bull. No. 2021-11: Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Gender Affirming Care and Related Services* (Sept. 9, 2021), https://www.mass.gov/lists/doi-bulletins; Mass. Div. of Ins., *Bull. No. 2014-03: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Transgender Surgery and Related Health Care Services* (June 20, 2014), https://www.mass.gov/lists/doi-bulletins.

[11] *See, e.g.*, N.Y. Pub. Health Law §§ 18, 4410, 2782; N.Y. Mental Hyg. Law § 33.13; N.Y. Gen. Bus. Law § 899-aa.

[12] N.Y. C.P.L.R. § 4504 (prohibits healthcare providers and institutions from disclosing information acquired by providers while attending a patient without patient consent); N.Y. Educ. Law § 6530(23) (revealing personally identifiable patient information without patient consent is professional misconduct).

[13] *See, e.g.*, N.Y. Ins. Law §§ 2607 (prohibiting issuers from refusing to issue insurance policy or contract, or cancel or decline to renew such policy or contract, because of the sex of the applicant or policyholder, and defining sex to include transgender status), 3243, 4330 (prohibiting discrimination in health insurance policies or contracts because of sex, and defining sex to include transgender status); N.Y. Comp. Codes R. & Regs. tit. 11, § 52.72 (same); *id.* § 505.2(l) (expanding Medicaid coverage for transgender healthcare).

[14] NYDFS, *Ins. Circular Letter No. 8, Discrimination Based on Sexual Orientation, Gender Identity or Expression, or Transgender Status* (July 23, 2019), https://perma.cc/X37G-62RH.

previously excluded forms of transgender healthcare, were complying with the new requirement to provide complete coverage for gender dysphoria.[15]

Similarly, New York and many amici States have enacted laws that exclude the provision of transgender healthcare from the definition of "professional misconduct" and that shield medical providers from facing professional discipline based solely on an out-of-state conviction or adverse license action resulting from the provision of transgender healthcare.[16] Relatedly, New York and some amici States bar medical malpractice insurers from taking adverse action against medical professionals because they provide transgender healthcare.[17] Other amici States, meanwhile, mandate training for healthcare professionals to ensure that patients who identify as transgender, gender diverse, and intersex receive trans-inclusive care.[18]

Taken together, the above laws and policies reflect many amici States' commitment to preserving the integrity of the medical profession, protecting the equality of all people, and ensuring that people with gender dysphoria are not denied medically necessary healthcare. In the experience of many amici States, these laws and policies are essential to address long-standing inequities in the healthcare system. The laws and policies discussed above adhere to medical

---

[15] Press Release, NYDFS, *NYS Office of Mental Health and Department of Financial Services Announce NY Insurance Carriers Complying with State Requirements to Provide Coverage for All Gender-Affirming Treatments* (June 29, 2021), https://perma.cc/L6Z3-27CN.

[16] *See, e.g.,* R.I. Gen. Laws § 5-37.8-1; Mass. Gen. Laws ch. 112, §§ 5F½, 77, 128; Cal. Bus. & Prof. Code §§ 850.1, 852; Conn. Gen. Stat. §§ 19a-17e, 20-579a, 52-571m; Colo. Rev. Stat. § 12-30-121; Md. Code Ann., Health Occ. § 1-227; N.Y. Educ. Law § 6531-b; Or. Rev. Stat. §§ 675.070, 675.540, 675.745, 677.190, 678.138, 685.110, 689.405; 225 Ill. Comp. Stat. 60/22(C).

[17] *See, e.g.*, N.Y. Ins. Law § 3436-a; Colo. Rev. Stat. § 10-4-109.6(1); Or. Rev. Stat. § 676.313; 225 Ill. Comp. Stat 60/23(A)(3).

[18] *See, e.g.*, Cal. Ins. Code § 10133.13.

standards of care and respect the doctor-patient relationship, thereby preserving the integrity and ethics of the medical profession. More importantly, these laws result in better health outcomes for transgender adolescents, safeguarding their physical, emotional, and financial wellbeing.

Despite no federal law prohibiting such care, the clear purpose of the subpoena to NYU Langone Hospitals is to end transgender healthcare for adolescents. As federal courts across the country have held with respect to DOJ's civil subpoenas, sweeping requests for sensitive information—including records of all patients who have received a particular type of medical care—appear to represent a radical departure from DOJ's prior practice and makes express the "policy goal" of the Executive Branch to harm a politically disfavored minority. *See, e.g.*, *In re Boston Children's Hospital Subpoena*, 2025 WL 2607784 at *7 (D. Mass. Sep. 9, 2025) ("It is abundantly clear that the true purpose of issuing the subpoena is to interfere with the Commonwealth of Massachusetts' right to protect [transgender healthcare] within its borders, to harass and intimidate BCH to stop providing such care, and to dissuade patients from seeking such care."). As another district court recently concluded, DOJ's systematic campaign against transgender healthcare "directly conflict[s] with Plaintiff States' laws protecting transgender adolescents' access to gender-affirming care, which were enacted in exercise of Plaintiff States' traditional authority to pass laws regulating medicine and to safeguard its citizens health and welfare." *Massachusetts v. Trump*, 2026 WL 1584837, at *23 (D. Mass. June 3, 2026). The subpoena has nothing at all to do with promoting the rule of law. Rather, this extraordinary overreach is an attempt to subvert the policy and judgment of the states as the traditional regulators of the practice of medicine. The broadside attack by DOJ on transgender healthcare undermines the amici States' sovereign authority in protecting the health and safety of our residents.

**CONCLUSION**

For the foregoing reasons, this Court should grant plaintiffs' motion for a temporary restraining order.

Dated: New York, New York
June 9, 2026

Respectfully submitted,

ANDREA JOY CAMPBELL
 *Attorney General*
 *Commonwealth of Massachusetts*

LETITIA JAMES
 *Attorney General*
 *State of New York*

By:  /s/ Mark S. Grube
 MARK S. GRUBE
 Senior Assistant Solicitor General

ALLYSON SLATER
 *Director, Reproductive Justice Unit*
ADAM M. CAMBIER
MORGAN CARMEN
JAK KUNDLE
 *Assistant Attorneys General*

BARBARA D. UNDERWOOD
 *Solicitor General*
MATTHEW FAIELLA
 *Special Counsel*
ZOE RIDOLFI-STARR
 *Assistant Attorney General*
  *of Counsel*

One Ashburton Place
Boston, MA 02108
(617) 727-2200

28 Liberty Street
New York, NY 10005
(212) 416-8028

*(Counsel listing continues on next page.)*

10

KRISTIN K. MAYES
  *Attorney General*
  *State of Arizona*
2005 N. Central Ave.
Phoenix, AZ 85004

ROB BONTA
  *Attorney General*
  *State of California*
1300 I Street
Sacramento, CA 95814

PHILIP J. WEISER
  *Attorney General*
  *State of Colorado*
1300 Broadway 10th Fl.
Denver, CO 80203

WILLIAM TONG
  *Attorney General*
  *State of Connecticut*
165 Capitol Avenue
Hartford, CT 0610

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*
820 N. French Street
Wilmington, DE 19801

KWAME RAOUL
  *Attorney General*
  *State of Illinois*
115 S. LaSalle Street
Chicago, IL 60603

AARON M. FREY
  *Attorney General*
  *State of Maine*
6 State House Station
Augusta, ME 04333

ANTHONY G. BROWN
  *Attorney General*
  *State of Maryland*
200 Saint Paul Place
Baltimore, MD 21202

DANA NESSEL
  *Attorney General*
  *State of Michigan*
P.O. Box 30212
Lansing, MI 48909

KEITH ELLISON
  *Attorney General*
  *State of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther
King Jr. Blvd.
St. Paul, MN 55155

AARON D. FORD
  *Attorney General*
  *State of Nevada*
100 North Carson Street
Carson City, NV 89701

JENNIFER DAVENPORT
  *Attorney General*
  *State of New Jersey*
25 Market Street
Trenton, NJ 08625

RAÚL TORREZ
  *Attorney General*
  *State of New Mexico*
408 Galisteo Street
Santa Fe, NM 87501

DAN RAYFIELD
  *Attorney General*
  *State of Oregon*
1162 Court Street N.E.
Salem, OR 97301

11

PETER F. NERONHA
  *Attorney General*
  *State of Rhode Island*
150 South Main Street
Providence, RI 02903

CHARITY R. CLARK
  *Attorney General*
  *State of Vermont*
109 State Street
Montpelier, VT 05609

JAY JONES
  *Attorney General*
  *Commonwealth of Virginia*
202 North Ninth Street
Richmond, VA 23219

NICHOLAS W. BROWN
  *Attorney General*
  *State of Washington*
P.O. Box 40100
Olympia, WA 98504

BRIAN L. SCHWALB
  *Attorney General*
  *District of Columbia*
400 6th St., N.W., Ste. 8100
Washington, D.C. 20001

**CERTIFICATE OF COMPLIANCE**

I, Mark S. Grube, certify that the foregoing document contains 2,984 words and complies with the limitations of Local Rule 7.1(c).

*/s/ Mark S. Grube*