𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨

---

CARTER COE, by and through his parent and next friend, CAROLINE COE; REED COE, by and through his parent and next friend, RILEY COE; NICOLE COE, by and through her parent, NORMAN COE; and JAY DOE, *on behalf of themselves and all similarly situated*,

          Plaintiffs,

- against -

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; NYU LANGONE HEALTH SYSTEM; NYU LANGONE HOSPITALS; and NYU LANGONE GROSSMAN SCHOOL OF MEDICINE, A DIVISION OF NEW YORK UNIVERSITY,

          Defendants.

No. 1:26-CV-04641 (JAV)

**NOTICE OF MOTION**

---

PLEASE TAKE NOTICE THAT the City of New York respectfully moves for leave to file the accompanying brief as amicus curiae in support of plaintiffs' motion for a temporary restraining order. The plaintiffs consent to this request, and the defendants do not object. For the reasons set forth in the accompanying memorandum of law, the motion should be granted.

Dated:    New York, NY
          June 12, 2026

                                   Respectfully submitted,

                                   STEVEN BANKS
                                   *Corporation Counsel*
                                   *of the City of New York*
                                   Attorney for Amicus Curiae


                          By:    /s/ *Jamison Davies*
                                 JAMISON DAVIES
                                 Assistant Corporation Counsel

                                 100 Church Street
                                 New York, NY 10007
                                 212-356-2490
                                 jdavies@law.nyc.gov

𝕯𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐

| | |
|---|---|
| CARTER COE, by and through his parent and next friend, CAROLINE COE; REED COE, by and through his parent and next friend, RILEY COE; NICOLE COE, by and through her parent, NORMAN COE; and JAY DOE, *on behalf of themselves and all similarly situated*, | |
| Plaintiffs, | |
| - against - | NO. 1:26-CV-04641 (JAV) |
| TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; NYU LANGONE HEALTH SYSTEM; NYU LANGONE HOSPITALS; and NYU LANGONE GROSSMAN SCHOOL OF MEDICINE, A DIVISION OF NEW YORK UNIVERSITY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE CITY OF NEW YORK FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS**

RICHARD DEARING
DEVIN SLACK
CHLOÉ K. MOON
GEOFFREY CURFMAN
JAMISON DAVIES
   *of Counsel*

June 12, 2026

STEVEN BANKS
*Corporation Counsel*
*of the City of New York*
Attorney for Amicus Curiae
100 Church Street
New York, New York 10007
212-356-2490
jdavies@law.nyc.gov

The City of New York respectfully moves this Court for leave to file the accompanying brief as amicus curiae in support of the plaintiffs' motion for a temporary restraining order.

This Court has broad discretion to permit the filing of an amicus brief. *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-cv-7935, 2014 U.S. Dist. LEXIS 11179, at *5 (S.D.N.Y. Jan. 23, 2014). Granting leave may be appropriate when, for example, the amicus has a "special interest" in the case, *Liberty Resources, Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005), and the amicus has "unique information or perspective that can help the court beyond" what counsel for the parties may provide, *Auto. Club of N.Y., Inc. v. Port Auth.*, No. 11-cv-6746, 2011 U.S. Dist. LEXIS 135391, at *6 (S.D.N.Y. Nov. 22, 2011). Amicus participation is especially appropriate where "an issue of general public interest is at stake." *Liberty Resources*, 395 F. Supp. 2d at 209.

The City has a special interest in this case and is able to offer useful information addressing the broader public interests at stake. On the individual level, the grand jury subpoenas plaintiffs challenge affect numerous New York City residents whose highly sensitive medical information is now in jeopardy of disclosure. More broadly, the City is home to a large transgender population and has insight into the healthcare challenges specific to this community, which are especially pressing for the City's transgender youth. Ensuring this population continues to receive gender-affirming healthcare commensurate with its needs is of utmost importance to the City, and the subpoenas under challenge here threaten to undermine this critical care, harming our residents and public health more broadly. The City is well situated to address the consequences of these tactics for our community.

For the foregoing reasons, the motion for leave to file the proposed amicus brief should be granted.

Dated:    New York, New York
            June 12, 2026

                                  Respectfully submitted,

                                  STEVEN BANKS
                                  *Corporation Counsel*
                                  *of the City of New York*
                                  Attorney for Amicus Curiae


                        By:    /s/ *Jamison Davies*
                                  JAMISON DAVIES
                                  Assistant Corporation Counsel

                                  100 Church Street
                                  New York, NY 10007
                                  212-356-2490
                                  jdavies@law.nyc.gov

RICHARD DEARING
DEVIN SLACK
CHLOÉ K. MOON
GEOFFREY CURFMAN
JAMISON DAVIES
    *of Counsel*

2