June 18, 2026

**VIA ECF**

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *Coe, et al. v. Blanche, et al.*, No. 1:26-CV-04641-JAV
>        **Joint Letter in Response to the Court's June 3, 2026 Order**

Dear Judge Vargas,

Pursuant to this Court's June 3, 2026 Order (Dkt. 18), as modified on June 4, 2026 (Dkt. 23), and Rule 3.A of the Court's Individual Rules and Practices in Civil Cases, we write jointly in response to the questions set forth in the Court's June 3, 2026 Order.

1. **Whether Plaintiffs will be filing a motion for a preliminary injunction, and if so, the proposed briefing schedule with respect to such motion.**

   Plaintiffs' Response: Plaintiffs anticipate filing a motion for a preliminary injunction.

   Should the Court grant the pending motion for a temporary restraining order (TRO) and provisional class certification, Plaintiffs propose the following briefing schedule, which assumes that the Court is amenable to extend the TRO once for an additional fourteen days following expiration of the initial TRO:

   - Plaintiffs' motion for preliminary injunction: June 30, 2026
   - Defendants' responses: July 10, 2026
   - Plaintiffs' reply: July 15, 2026

   Should the Court deny the pending motion for a TRO and provisional class certification, Plaintiffs request that the Court enter an order preventing production of the identifying and sensitive health information that is the subject of this suit to preserve jurisdiction, *see* Order, *Z.A. v. Lucile Salter Packard Children's Hospital at Stanford*, No. 5:26-cv-04998 (N.D. Cal. June 8, 2026) (ECF 47), and propose the following briefing schedule:

   - Plaintiffs' motion for preliminary injunction: June 26, 2026
   - Defendants' responses: July 1, 2026
   - Plaintiffs' reply: July 3, 2026
   - Hearing: Week of July 6

*Coe, et al. v. Blanche, et al.*,
No. 1:26-cv-04641-JAV
Joint Letter in Response to June 3, 2026 Order
June 18, 2026
Page 2

DOJ Defendants' Response: The Government does not consent to extension of any TRO for an additional 14 days. If the Court were to grant a TRO by June 24, it should require Plaintiffs to move for a preliminary injunction on June 25, defendants to file a response by July 1 (four business days), and Plaintiffs to file any reply by July 3 (two business days).

Should the Court deny a TRO, the Government requests the standard briefing schedule for any preliminary injunction motions. The Court should not issue an interim order akin to the *Z.A.* order, which sought to preserve the *Z.A.* court's jurisdiction while it considers whether to grant a TRO. ECF No. 52, *Z.A. v. Lucile Salter Packard Children's Hosp. at Stanford*, No. 5:26-cv-4998 (N.D. Cal. June 11, 2026) (order was "intended solely to 'protect its jurisdiction' pending consultation with the parties as to the timeline for the Court's resolution of" a TRO motion). Compliance with a subpoena does not moot a challenge to a subpoena, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12-15 (1992), so compliance would have no effect on the Court's jurisdiction, and such an order would do nothing to preserve the Court's jurisdiction.

NYU Defendants' Response: The NYU Defendants are prepared to submit any briefing in connection with a motion for preliminary injunctive relief by Plaintiffs on either of the schedules that they propose, or on such other schedule as may be ordered by the Court.

2. **Whether any party will be filing a motion for expedited discovery in aid of the preliminary injunction motion.  If so, the parties should meet and confer regarding the proposed scope of such requested discovery, and the length of time that would be required for such discovery.**

Plaintiffs' Response: Currently, Plaintiffs do not believe expedited discovery is necessary for the Court's consideration of the anticipated preliminary injunction motion. Plaintiffs' position is subject to change based on the Court's decision on the pending motion for a TRO and provisional class certification.

DOJ Defendants' Response: Currently, the United States agrees with Plaintiffs.

NYU Defendants' Response: The NYU Defendants concur that expedited discovery is not necessary.

3. **If Plaintiffs will be filing a motion for a preliminary injunction, whether any party requests an evidentiary hearing in connection with the motion for a preliminary injunction, and if so, the timing and anticipated length of such a hearing.**

Plaintiffs' Response: Currently, Plaintiffs do not believe an evidentiary hearing is necessary for the Court's consideration of the anticipated preliminary injunction motion. Plaintiffs defer to the Court as to whether oral argument would be of assistance to the Court, though Plaintiffs expressly request oral argument regarding the anticipated preliminary injunction should the

*Coe, et al. v. Blanche, et al.*,
No. 1:26-cv-04641-JAV
Joint Letter in Response to June 3, 2026 Order
June 18, 2026
Page 3

Court deny the pending motion for a TRO. Plaintiffs' position is subject to change based on the Court's decision on the pending motion for a TRO and provisional class certification.

DOJ Defendants' Response: Currently, the United States agrees with Plaintiffs.

NYU Defendants' Response: The NYU Defendants likewise concur that an evidentiary hearing is not necessary.

4. **If an evidentiary hearing is requested, proposed dates for such a hearing (confirming the availability of any testifying witnesses with respect to such dates).**

Plaintiffs' Response: N/A

DOJ Defendants' Response: N/A

NYU Defendants' Response: N/A

5. **Whether the Court should consolidate a hearing on the preliminary injunction motion with a trial on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.**

Plaintiffs' Response: Plaintiffs do not believe a hearing on the preliminary injunction motion should be consolidated with a trial on the merits. Plaintiffs further oppose consolidating the preliminary injunction briefing with dispositive briefing. Plaintiffs' position is subject to change based on the Court's decision on the pending motion for a TRO and provisional class certification.

DOJ Defendants' Response: The Government supports prompt resolution of Plaintiffs' lawsuit and proposes treating preliminary injunction briefs as motions for summary judgment. Parties may also raise any grounds for dismissal under Rule 12 in those briefs.

NYU Defendants' Response: The NYU Defendants concur that any preliminary injunction hearing in this case should not be consolidated with a trial on the merits.

6. **Whether Defendants intend to file a motion to dismiss or other dispositive motion, and if so, the anticipated bases of and a proposed briefing schedule for such motion.**

Plaintiffs' Response: As per the above, Plaintiffs oppose consolidating the preliminary injunction briefing with dispositive briefing.

DOJ Defendants' Response: If the Court accepts the Government's proposal to treat preliminary injunction briefs as dispositive motions, subject to change based on future developments in this litigation, the government anticipates moving to dismiss based on

*Coe, et al. v. Blanche, et al.,*
No. 1:26-cv-04641-JAV
Joint Letter in Response to June 3, 2026 Order
June 18, 2026
Page 4

improper venue and failure to state a claim upon which relief can be granted. If the Court rejects that proposal, the Government would propose a schedule for motions to dismiss in light of any schedule the Court adopts for preliminary-injunction briefing.

NYU Defendants' Response: The NYU defendants do not presently anticipate filing a dispositive motion. As reflected in their response to Plaintiffs' application for a temporary restraining order (ECF No. 43 at p. 8), should this action proceed and not be resolved by motion to dismiss or otherwise, the NYU defendants anticipate seeking relief, either formally pursuant to Fed. R. Civ. P. 22 or in the nature of interpleader, seeking the Court's determination as to whether, and if so, in what form NYU may disclose the Patient Records subject to Plaintiffs' complaint. NYU is prepared to do so on whatever schedule is set by the court following resolution of preliminary injunction and/or dispositive motion briefing.

7. **If Defendants intend to move to dismiss, whether Plaintiffs would anticipate amending their complaint as of right, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.**

Plaintiffs' Response: Plaintiffs reserve the right to amend their complaint as of right in response to a motion to dismiss by any defendant.

DOJ Defendants' Response: N/A

NYU Defendants' Response: N/A

We thank the Court for its consideration of this letter, and we look forward to discussing the forgoing with the Court at the June 22, 2026 hearing.

*Coe, et al. v. Blanche, et al.*,
No. 1:26-cv-04641-JAV
Joint Letter in Response to June 3, 2026 Order
June 18, 2026
Page 5

Sincerely,

\_/s/*Robert Hodgson*_____

Robert Hodgson
Gabriella Larios
Anya Weinstock
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
Telephone: 212-607-3300
rhodgson@nyclu.org
glarios@nyclu.org
aweinstock@nyclu.org

Chase B. Strangio
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, New York 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
cstrangio@aclu.org

*Counsel for Plaintiffs*

Omar Gonzalez-Pagan
Karen L. Loewy
Lambda Legal Defense
and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org
kloewy@lambdalegal.org

**NIXON PEABODY LLP**

By:
\_/s/ *Zachary A. Cunha*_____
Zachary A. Cunha (ZC 5946)
55 West 46th Street
New York, New York 10036
Tel.: (212) 940-3000
zcunha@nixonpeabody.com

*Attorneys for Defendants*
*NYU Langone Health System*
*NYU Langone Hospitals and*
*NYU Grossman School of Medicine*

*Coe, et al. v. Blanche, et al.*,
No. 1:26-cv-04641-JAV
Joint Letter in Response to June 3, 2026 Order
June 18, 2026
Page 6

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

SARAH WELCH
Senior Counsel to the Assistant Attorney General

JOHN BAILEY
BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement & Affirmative Litigation Branch

SHIMENG ZHANG
LUKE MILLER
EUGENE O'HALLORAN
Attorneys

United States Department of Justice
Civil Division
950 Pennsylvania Ave.
Washington, DC 20044
Tel: 202-514-6993
John.Bailey@usdoj.gov

*Counsel for Federal Defendants*

SEAN BUCKLEY
Deputy United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007