

June 22, 2026

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

> Re:    *Coe, et al. v. Blanche, et al.*, No. 1:26-CV-04641
> **<u>Letter regarding pending proposed order to show cause for a
> temporary restraining order and provisional class certification</u>**

Dear Judge Failla,

We represent Plaintiffs in the above-captioned matter. Pursuant to Local Civil Rule 7.1(e) and Rule 2.B of the Court's Individual Rules of Practice in Civil Cases, we write to alert the Court of the pending proposed order to show cause for a temporary restraining order and provisional class certification (Dkt. 8), which requires the Court's attention by tomorrow, June 23, 2026 (*i.e.*, prior to Wednesday, June 24, 2026), to avoid irreparable harm to Plaintiffs and proposed class members.

By way of background, after seeking authorization from the Court to proceed under pseudonym, on June 2, 2026, Plaintiffs filed their class action complaint challenging demands from the U.S. Department of Justice for the identifying and sensitive health information of Plaintiffs and all other similarly situated transgender young persons who received gender-affirming medical care as minors at healthcare institutions in New York City, between January 1, 2020 and May 7, 2026. *See* Compl. (Dkt. 1). Among these demands are those contained in a grand jury subpoena to NYU Langone Hospitals that had an original deadline for compliance of June 10, 2026. *See* Ex. A to Compl.

Given the exigencies involved and to protect the constitutional rights of Plaintiffs and proposed class members under the Fifth and Fourth Amendments and New York State law, Plaintiffs filed a proposed order to show cause for a temporary restraining order and provisional class certification (Dkt. 8), along with memoranda and declarations in support thereof (Dkts. 9-15), on June 2, 2026. Plaintiffs also filed a motion for class certification the same day. *See* Dkts. 16-17. The Court issued a scheduling order and set an original hearing date for June 10, 2026. Dkt. 18.

On June 4, 2026, in order to allow for more orderly briefing, counsel for the parties jointly stipulated as follows:

> Recognizing that it is the government's position that it cannot confirm any details related to any possible grand jury subpoenas, *see* Fed. R. Crim. P. 6(e), the parties hereby stipulate as follows:





*Coe, et al. v. Blanche, et al.*,
No. 1:26-cv-04641
Letter re Pending Motion for TRO
June 22, 2026
Page 2

No healthcare institution located in New York City, including NYU Langone Hospitals, shall be required to produce or disclose any material covered by the lawsuit (i.e., identifying and sensitive health information) to the U.S. Department of Justice, or any component thereof, before June 24, 2026. This includes the NYU Defendants pursuant to the Subpoena. The United States will not obtain any such documents or materials prior to June 24, 2026.

In light of the foregoing, the NYU Langone defendants likewise stipulate that they will not produce any materials covered by the lawsuit to the U.S. Department of Justice, or any component thereof, prior to June 24, 2026.

Dkt. 21. Based on the above stipulation, the Court set a new briefing schedule and set a hearing for today, June 22, 2026, at 2:30pm. Dkt. 23. Briefing on the pending request for a temporary restraining order and provisional class certification has been completed. *See* Dkts. 43 (NYU Defendants' Response), 46 (DOJ Defendants' Response), 52 (Plaintiffs' Reply); *see also* Dkts. 36 (*amicus* brief of State of New York et al.), 40 (*amicus* brief of the City of New York).

Following the Court's adjournment of the hearing "due to unforeseen circumstances," and based on the Court's representation that "[a] new order will be entered shortly," Dkt. 59, counsel for Plaintiffs reached out to counsel for Defendants yesterday, June 21, 2026, around 3:15pm Eastern Time, to inquire whether they would agree to extend the stipulation to expire no earlier than "two calendar days after the rescheduled hearing on Plaintiffs' Motion for a TRO." Plaintiffs requested that counsel for Defendants respond by noon Eastern Time today, June 22, 2026.

As of the time of the filing of this letter, counsel for the DOJ Defendants had only responded to indicate they would respond after 6:00pm Eastern Time, and counsel for the NYU Defendants responded that "NYU has no objection to Plaintiffs' proposed schedule, but its ability to commit to it is dependent on DOJ's position with respect to the timeline."

Given the exigencies of the case, and that the existing stipulation only prevents the collection and production of the identifying and sensitive health information of Plaintiffs and proposed class members prior to June 24, 2026, Plaintiffs respectfully bring to the Court's attention the pending proposed order to show cause for a temporary restraining order and provisional class certification and request that the Court either act on the pending motion by June 23, 2026 (*i.e.*, prior to June 24, 2026), or enter an order preventing production of the identifying and sensitive health information that is the subject of this suit to preserve jurisdiction pending resolution of the motion for a TRO and provisional class certification, *see* Order, *Z.A. v. Lucile Salter Packard Children's Hospital at Stanford*, No. 5:26-cv-04998 (N.D. Cal. June 8, 2026) (ECF 47); Minute Order, *Dellinger v. Bessent*, No. 1:25-cv-00385 (D.D.C. Feb. 10, 2025) (collecting cases); *see also United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) ("[A]n administrative stay buys the court time to deliberate."); *FTC v. Dean Foods Co.*, 384 U.S. 597, 608 (1966) (holding that a court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").



*Coe, et al. v. Blanche, et al.,*
No. 1:26-cv-04641
Letter re Pending Motion for TRO
June 22, 2026
Page 3

We thank the Court for its prompt attention to this matter.

Respectfully submitted,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
Karen L. Loewy
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org
kloewy@lambdalegal.org

Robert Hodgson
Gabriella Larios
Anya Weinstock
**New York Civil Liberties Union**
**Foundation**
125 Broad Street, 19th Floor
New York, New York 10004
Telephone: 212-607-3300
rhodgson@nyclu.org
glarios@nyclu.org
aweinstock@nyclu.org

Nora Huppert*
**Lambda Legal Defense**
**and Education Fund, Inc.**
3656 N. Halsted St.
Chicago, Illinois 60613
Telephone: 312-605-3233
Facsimile: 855-535-2236
nhuppert@lambdalegal.org

Chase B. Strangio
Shana Knizhnik
**American Civil Liberties Union**
**Foundation**
125 Broad Street, Floor 18
New York, New York 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
cstrangio@aclu.org
sknizhnik@aclu.org

A.D. Sean Lewis*
**Lambda Legal Defense**
**and Education Fund, Inc.**
800 South Figueroa St., Suite 1260
Los Angeles, CA 90017
Telephone: 213-382-7600
Facsimile: 855-535-2236
alewis@lambdalegal.org

Elizabeth Gill**
**American Civil Liberties Union**
**Foundation**
425 California Street, Suite 700
San Francisco, California 94104
Telephone: 415-343-0779
egill@aclu.org

* Admitted *pro hac vice.*
** *Pro hac vice* forthcoming

cc:     All Counsel of Record (via ECF)