**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CARTER COE, *by and through his parent and next friend*, CAROLINE COE; REED ROE, *by and through his parent and next friend*, RILEY ROE; NICOLE NOE, *by and through his parent and next friend*, NORMAN NOE; KARL KOE, *on behalf of themselves and all similarly situated*; and JAY DOE, *on behalf of themselves and all similarly situated*,

Plaintiffs,

-v.-

TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*; U.S. DEPARTMENT OF JUSTICE; NYU LANGONE HEALTH SYSTEM; NYU LANGONE HOSPITALS; and NYU GROSSMAN SCHOOL OF MEDICINE, *a division of New York University*,

Defendants.

26 Civ. 4641 (KPF)

**PRELIMINARY INJUNCTION ORDER**
**AND EXTENSION OF PROVISIONAL CLASS CERTIFICATION**

Pending before the Court is Plaintiffs' request for a preliminary injunction and extension of provisional class certification, and the parties' joint request to adjudicate that request on the existing record and the already-submitted briefing by the parties and *amici.* (Dkt. #66). To obtain a preliminary injunction, a movant must demonstrate: (i) that he is likely to succeed on the merits; (ii) that he is likely to suffer irreparable harm in the absence of preliminary relief; (iii) that the balance of equities tips in his favor; and (iv) that an injunction is in the public interest. *See New York* v. *U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58-

1

59 (2d Cir. 2020).  The Court considered these same factors when it evaluated Plaintiffs' request for entry of a temporary restraining order.  On June 14, 2026, the Court issued a temporary restraining order and provisional class certification. (Dkt. #65).

Upon a renewed review of the whole record, including the parties' submissions regarding Plaintiffs' Proposed Order to Show Cause for a Temporary Restraining Order and Provisional Class Certification and the parties' arguments during the hearing held on June 23, 2026, and having otherwise been fully advised, the Court finds, for all the reasons described on the record in its oral decision on June 24, 2026, there is good cause to GRANT the preliminary injunction and extend provisional class certification, and HEREBY ORDERS and ADJUDGES as follows:

i.   Plaintiffs' Motion for a Preliminary Injunction is GRANTED because Plaintiffs have demonstrated that they will suffer irreparable harm if the Court does not issue relief; that they are substantially likely to prevail on their claims that DOJ Defendants'[1] actions demanding identifying and sensitive health information of Plaintiffs and the Class run afoul of constitutional protections for their informational privacy and against unreasonable searches and seizures; that NYU

---

[1]   As used herein, the term "DOJ Defendants" means Todd Blanche, in his official capacity as Acting Attorney General of the United States, and the United States Department of Justice.

2

Defendants'[2] compelled disclosure of Plaintiffs' and the NYU Subclass's identifying and sensitive health information should be enjoined to maintain the *status quo* and prevent irreparable harm; that the balance of equities and public interest tip in favor of a temporary restraining order; and that preliminary relief is an appropriate and necessary remedy. *See Winter* v. *Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). In addition, Plaintiffs have sufficiently demonstrated on a provisional basis that the proposed Class and NYU Subclass adhere to the Federal Rules of Civil Procedure, and such classes continue to be provisionally certified.

ii. Preliminary relief is appropriate on a class-wide basis for the following Class and NYU Subclass:

a. **The Class:** All individuals who received any medical treatment for gender dysphoria, including any medical, surgical, pharmaceutical, or clinical intervention that is intended or reasonably expected to suppress, alter, or eliminate endogenous pubertal development, or to modify primary or secondary sex characteristics, for the purpose of aligning with or affirming a minor's asserted gender identity rather than the minor's birth sex, while they were under eighteen years of age, from January 1, 2020, through May 5, 2026, at a healthcare

---

[2]   As used herein, the term "NYU Defendants" means NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a division of New York University.

institution located in New York City, including NYU Langone Hospitals (and any other NYU entity) and Mount Sinai Health System.

b. **The NYU Subclass:** All individuals who received any medical treatment for gender dysphoria, including any medical, surgical, pharmaceutical, or clinical intervention that is intended or reasonably expected to suppress, alter, or eliminate endogenous pubertal development, or to modify primary or secondary sex characteristics, for the purpose of aligning with or affirming a minor's asserted gender identity rather than the minor's birth sex, while they were under eighteen years of age, from January 1, 2020, through May 5, 2026, at NYU Langone Hospitals or any other NYU entity.

iii. DOJ Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from:

a. Seeking, receiving, using, retaining, or disseminating any identifying or sensitive health information of Plaintiffs and members of the Class through the Subpoenas at issue or substantially similar administrative or grand jury subpoenas as part of the U.S Department of Justice's claimed

investigations into health care offenses related to gender-affirming medical care.

iv. NYU Defendants, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are RESTRAINED and ENJOINED from:

a. Disclosing or producing any identifying or sensitive health information of Plaintiffs and members of the NYU Subclass to the DOJ Defendants in response to the Subpoena at issue or any substantially similar administrative or grand jury subpoenas as part of the U.S. Department of Justice's claimed investigations into healthcare offenses related to gender-affirming medical care.

v. It is further ORDERED that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction, Plaintiffs are suing the Government to vindicate constitutional rights, and imposing a security requirement would pose a hardship for Plaintiffs. *See* Fed. R. Civ. P. 65(c); *see also Pharm. Soc. of State of N.Y., Inc.* v. *N.Y. State Dep't of Soc. Servs.*, 50 F.3d 1168, 1174 (2d Cir. 1995); *Widakuswara* v. *Lake*, 773 F. Supp. 3d 46 (S.D.N.Y. 2025).

In addition, the deadline for NYU Defendants to respond to Plaintiffs' Complaint is hereby ADJOURNED to **August 10, 2026**.

The Clerk of Court is directed to terminate the pending motion at docket entry 68.

SO ORDERED.

Dated:   July 6, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge